UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-61365-CIV-COOKE/BANDSTRA

TERRY W. McKERCHIE

    *Plaintiff*,

v.

SOUTH FIRST MANOR, LLC,
KDB V INC., WILLIAM BROWN,
DENNIS SMITH, LEFTA ENTERPRISES, LLC.,
S&K INVESTMENTS OF CHAMPAIGN, INC,
KENNETH E. RICHARDSON, and
RICHARD O'NEILL

    *Defendants*.
_____/

**ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS COMPLAINT FOR INTERPLEADER**

Terry McKerchie ("McKerchie") filed his First Amended Complaint for Interpleader [D.E. 23] against South First Manor, LLC ("South First"), KDB V Inc. ("KDB"), William Brown ("Brown"), Dennis Smith ("Smith"), Lefta Enterprises, LLC. ("Lefta"), S&K Investments of Champaign, Inc. ("S&K"), Kenneth Richardson ("Richardson"), and Richard O'Neill ("O'Neill") on November 7, 2007. On November 9, 2007, Defendants KDB, Brown, Richardson,[1] and S&K moved to dismiss the Complaint [D.E. 29, 30]. Plaintiff filed its Response [D.E. 38] on November 30, 2007. Defendants filed their Reply [D.E. 41] on December 10, 2007. After reviewing the Motion, I find, for the reasons stated below, that Defendants' Motion should be granted.

---

[1] Richardson moved to dismiss the Complaint in his individual capacity and as a 50% member of Lefta Enterprises, LLC.

## I. BACKGROUND

McKerchie filed this statutory interpleader action seeking a determination as to who is the proper owner of the $142,500.00 ("the Funds") that were distributed to McKerchie as his share of the proceeds from the sale of an apartment complex located in Illinois. On June 22, 2007 South First transferred the Ashton Woods apartment complex to The Board of Trustees of the University of Illinois for $8,625,124.00. South First owned the Ashton Woods complex, and KDB owned fifty percent of South First. As a result of the sale of Ashton Woods, South First received substantial net proceeds. Fifty percent of these net proceeds belonged to KDB, and the remaining fifty percent belonged to Neil Street Corporation, II (the owner of the other fifty percent interest in South First). Eighty-five percent of KDB's net proceeds were distributed directly from South First to KDB's shareholders, in accordance with their respective interests, as follows:

| | | |
|---|---|---|
| Dennis Smith | 37.5% | $712,500.00 |
| Kenneth Richardson | 27.5% | $522,500.00 |
| William Brown | 20.0% | $380,000.00 |

This lawsuit arises out of the one-half of the remaining fifteen percent ownership interest--the Funds. Defendant O'Neill was originally a fifteen percent shareholder of KDB. Prior to the Ashton Woods complex being sold, O'Neill assigned his ownership interest to Richardson. Richardson, thereafter, agreed to give one-half of this interest to McKerchie. After South First forwarded this fifteen percent interest to Richardson, he retained $142,500 for himself and transferred the remaining $142,500 to McKerchie. It is McKerchie's own $142,500 that McKerchie now seeks to interplead. All the defendants named in the present lawsuit filed affidavits with the court disavowing claims in the

Funds.[2]  South First Aff. ¶ 14; KDB Aff.  ¶ 18; Brown Aff.  ¶ 9; Smith Aff.  ¶ 10; S&K Aff.  ¶ 8; O'Neill Aff.  ¶¶  9-10;  Richardson Aff. ¶¶ 13-14.

## II.   LEGAL STANDARD

Attacks on subject matter jurisdiction under Rule 12(b)(1) may come in two forms, "facial" and "factual." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n. 5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations as true in deciding whether to grant the motion. *Id.*  Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *Id*.  In resolving factual attacks, the district court may consider extrinsic evidence. *Id.*

Here, Defendants attack the subject matter jurisdiction of this court both facially, based on the insufficiencies in the Complaint, and factually, because all Defendants disclaim any adversity toward the Funds.  Thus, in evaluating the Motion, I will consider extrinsic evidence, i.e., the affidavits filed by the Defendants in support of their Motion to Dismiss.

## III.   ANALYSIS

### A.   Statutory Interpleader 28 U.S.C. §1335

McKerchie's Complaint for Interpleader premises subject matter jurisdiction on 28 U.S.C. 1335.  This statute provides:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person . . . having in his or its custody or possession money or property of the value of $500 or more . . . if (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property

---

[2]    Richardson and McKerchie each have a fifty percent ownership interest in Lefta Enterprises, LLC. Richardson filed an affidavit disavowing any interest in the funds in his individual capacity and as fifty percent owner of Lefta Enterprises, LLC.

> . . . ; and if (2) the plaintiff has deposited such money or property . . . into the registry of the court . . . .

28 U.S.C. §1335.

The statute, therefore, requires that the interpleader action be brought by a party that has custody or possession of the funds; the action must concern the minimal amount of $500; there must be two or more parties with existing or prospective claims to the fund; the adverse claimants must be of at least minimum diverse citizenship; and the full amount disputed must be deposited in the court registry.

Defendants contend that I lack subject matter jurisdiction under the interpleader statute, first, because there are no adverse claimants and, second, because any adverse claimants that might exist (McKerchie, Lefta, and Richardson) are all Florida residents, and thus the minimum diversity requirement of 28 U.S.C. § 1335 is not met.[3]

### 1. *Adverse Claims to a Single Fund*

Defendants' first argument is that there are no adverse claimants. McKerchie asserts that statutory interpleader is not limited to cases in which there are actual competing claims. McKerchie has the burden to demonstrate that he is entitled to an interpleader action. *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir.1974).[4] To meet this burden, however, he need only "demonstrate that

---

[3] Defendants rely basically on the same argument, the lack of adversity requirement of an interpleader cause of action, to support an alternative motion to dismiss for failure to state a claim. Motion to Dismiss at 15-18. In a 12(b)(6) motion, however, I could not consider the Affidavits because they are extrinsic evidence. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion.").

[4] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit handed down prior to close of

he has been or may be subjected to adverse claims." *Id.* at 511.  The danger of adverse claims need not be immediate, but McKerchie must have a legitimate fear of multiple litigation directed against a single fund.  *See Bierman v. Marcus*, 246 F.2d 200, 202 (3rd Cir. 1957).  It is undisputed that the Funds only represent 7.5% of the disbursement of the sale proceeds.  It is also undisputed that Defendants all received their respective share of the proceeds.  None of the Defendants claim an interest in McKerchie's share.  To the contrary, all Defendants executed and filed Affidavits in which they disavow any present or future interest in the funds. South First Aff. ¶ 14; KDB Aff. ¶ 18; Brown Aff. ¶ 9; Smith Aff. ¶ 10; S&K Aff. ¶¶ 8, 10; O'Neill Aff. ¶¶ 9-10; Richardson Aff. ¶ 15. In interpleader actions where defendants disavow interest in the interpleaded funds, courts have held that the adversity requirement of the interpleader statute is not met.  *See John Hancock Mut. Life Ins. Co. v. Beardslee*, 216 F.2d 457, 460 (7th Cir. 1954);  *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504 (9th Cir. 1978); *Vanderlinden v. Metro. Life Ins. Co.*, 137 F.Supp.2d 1160, 1163-64 (D. Neb. 2001).  Furthermore, under the doctrine of judicial estoppel, the Affidavits, as statements under oath, will preclude future claims inconsistent with these statements.  *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).  Therefore,  South First, KDB, Brown, Smith, S&K, O'Neill, and Richardson cannot later claim to be entitled to the Funds held by McKerchie.

### 2. *Diversity Requirement*

The minimum diversity requirement of the interpleader statute also is not met in this case. Minimal diversity is "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens.*" State Farm Fire & Cas. Co. v. Tashire*, 386  U.S. 523, 530 (1967).  McKerchie, Richardson, and Lefta, however, are all Florida residents,

---

business on September 30, 1981.

which destroys the minimum diversity requirement of the interpleader statute once all of the Illinois Defendants disclaimed any interest in the Funds. Therefore, I must dismiss this interpleader action for lack of subject matter jurisdiction.

### IV.  CONCLUSION

For the reasons discussed above, the Motion to Dismiss [D.E. 29] is granted. This case is closed. All other pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of May 2008.

_____
MARCIA G. COOKE
United States District Judge

cc:
*The Honorable Ted E. Bandstra*
*All Counsel of Record*